UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

**Case No.:** 2:24-cv-07397-MRA-BFM  **Date:** October 22, 2024

**Title:** *Kordy Rice v. A. Geuping, et al.*

================================================================

Present: The Honorable Brianna Fuller Mircheff, United States Magistrate Judge

| Christianna Howard | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:** **(In Chambers) Order to Show Cause re: Improper Joinder of Claims in Complaint (ECF 1)**

On August 26, 2024, Plaintiff Kordy Rice filed a pro se civil rights Complaint. (ECF 1.) He was subsequently granted leave to proceed in forma pauperis. (ECF 6.) Pursuant to 28 U.S.C. § 1915A, the Court is required to screen his case at the outset to evaluate whether the Complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1).

On initial review, it appears that the Court cannot proceed with screening because the Complaint improperly joins unrelated claims in a single pleading. The Complaint describes six incidents. Those six incidents appear to be related only in that Plaintiff alleges that his rights were violated by similar conduct on six different occasions. The incidents are separated by months, and his claims each involve a different Defendant. The Court thus orders Plaintiff to show cause—to explain in writing—why it should not recommend dismissal

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:** 2:24-cv-07397-MRA-BFM   **Date:** October 22, 2024

**Title:** *Kordy Rice v. A. Geuping, et al.*

===============================================================

for improper joinder of claims pursuant to Rules 18 and 20 of the Federal Rules of Civil Procedure.

## I. Plaintiff's Allegations

Plaintiff was, at all relevant times, incarcerated in California State Prison—Lancaster, in Lancaster, California. (Compl. at 2.) While there, the following incidents occurred:

Count One: On June 16, 2023, Correctional Officer ("CO") Moisa pepper-sprayed Plaintiff while he was on the ground, laying on his stomach. (Compl. at 7-8.) This incident occurred after prior run-ins between Plaintiff and CO Moisa, including incidents in which Plaintiff filed grievances accusing CO Moisa of excessive force. (Compl. at 7-8.) Plaintiff thus alleges a claim of excessive force and retaliation against CO Moisa. (Compl. at 8.)

Count Two: On March 19, 2023, CO Harro took Plaintiff's cane away from him—Plaintiff believes, in response to an incident in which Plaintiff refused to follow instructions and talked back to another CO during a search. Plaintiff alleges a claim of retaliation against CO Harro. (Compl. at 9.)

Count Three: On March 27, 2024, CO Geuping and others shoved Plaintiff to the ground and piled on top of him. Plaintiff alleges a claim of excessive force against CO Geuping. (Compl. at 9-10.)

Count Four: On August 21, 2023, CO Castellano grabbed Plaintiff's ponytail and yanked his head. Plaintiff alleges a claim of excessive force against Castellano. (Compl. at 10.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:** 2:24-cv-07397-MRA-BFM  **Date:** October 22, 2024

**Title:** *Kordy Rice v. A. Geuping, et al.*

================================================================

<u>Count Five</u>: Toward the end of August 2023, Plaintiff submitted a grievance against CO Higuera and five other COs. Ten days later, CO Higuera wrote Plaintiff up for a rule violation, claiming that Plaintiff kicked him. Plaintiff alleges a claim of retaliation against CO Higuera. (Compl. at 11.)

<u>Count Six</u>: On January 10, 2024, Plaintiff was on the yard when he began having chest pains. PT Antandare told Plaintiff he would deal with him later. Plaintiff passed out, and when he came to, he walked toward a group of COs. One CO pepper-sprayed him in his face. The COs carried Plaintiff to his cell. When Plaintiff asked for decontamination, Sergeant Ortega said no. Thereafter, PT Antandare refused to provide medical care. Plaintiff alleges deliberate indifference to a medical need and retaliation against PT Antandare and Sergeant Ortega. (Compl. at 11.)

## II. Discussion

Plaintiff joins causes of action against eight Defendants premised on six incidents that occurred while he was incarcerated at California State Prison at Lancaster. It appears that joining claims related to six factually distinct incidents in a single complaint exceeds the boundaries of permissible joinder under Rules 18 and 20 of the Federal Rules of Civil Procedure. Before the Court recommends any action in the case, however, it will give Plaintiff an opportunity to explain why the claims should be properly joined—or, if he agrees that the claims are not properly joined, to file an amended complaint that narrows his claims.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:**  2:24-cv-07397-MRA-BFM          **Date:**  October 22, 2024

**Title:**  *Kordy Rice v. A. Geuping, et al.*

================================================================

### A. Misjoinder

The simplest form of a lawsuit is a single claim against a single defendant. From there, a plaintiff can add claims or parties, but only as permitted by the Rules of Civil Procedure. Rule 18 permits a party to add multiple claims to a lawsuit when they are against the same defendant. Fed. R. Civ. P. 18(a) (permitting a plaintiff to join in a single complaint "as many claims as it has against an opposing party"). Rule 20 permits a plaintiff to join multiple defendants in one action if (1) the right to relief arises out of the "same transaction, occurrence, or series of transactions or occurrences" and (2) "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).

Unrelated claims that involve different defendants must be brought in separate lawsuits. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions should be rejected . . . ."); *see also Visendi v. Bank of America, N.A.*, 733 F.3d 863, 870 (9th Cir. 2013) (noting that claims arising from the same transaction, occurrence, or series of transactions of occurrences "requires factual similarity in the allegations supporting Plaintiffs' claims."). These rules are not only intended to avoid confusion that arises out of bloated lawsuits, but, in the prisoner civil rights context, also to prevent prisoners from circumventing the three strikes rule under the Prison Litigation Reform Act.

It appears to the Court that Plaintiff's claims are not properly joined in a single pleading. None of the claims are properly joined under Rule 18, because none involve the same Defendant. Nor do any of the claims arise out of the same transaction or occurrence, with the exception of the claims against

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:** 2:24-cv-07397-MRA-BFM      **Date:** October 22, 2024

**Title:** *Kordy Rice v. A. Geuping, et al.*

======================================================================

two Defendants named in Count VI. The fact that all the incidents occurred at the same prison, or involve similar constitutional violations, is not enough to treat independent incidents as a series of transactions or occurrences. *See Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997) (declining to find proper joinder under Rule 20 without allegations that claims arise out of a systematic pattern of events).

Misjoinder of parties is not grounds for dismissing an action. Fed. R. Civ. P. 21. Instead, "the court may at any time, on just terms, add or drop a party." *Id.* Thus, if plaintiffs fail to meet the standard for permissive joinder, "the district court may sever the misjoined [parties or claims], as long as no substantial right will be prejudiced by the severance." *Coughlin*, 130 F.3d at 1351 (citations omitted). In appropriate cases, courts can remedy misjoinder by dismissing all but the first claim without prejudice to the filing of individual actions. *Id.* at 1350-51.

**C.  Conclusion**

Plaintiff has two options at this point: If he disagrees with this Court's preliminary assessment that his claims may be misjoined, he can respond to this Order and explain why his claims are properly joined under Rule 18 or 20. If he does so, the Court will evaluate his response and decide whether to proceed with screening of his Complaint or to recommend to the District Judge that some of his misjoined claims be dismissed, without prejudice to him re-filing his claims in separate complaints.

On the other hand, if Plaintiff agrees that his claims are misjoined, he may file an amended complaint limited to those claims that are properly included in a single pleading under the above rules.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:**  2:24-cv-07397-MRA-BFM  **Date:**  October 22, 2024

**Title:**  *Kordy Rice v. A. Geuping, et al.*

===============================================================

      Whichever options he takes, he should do so no later than November 21, 2024.

      Plaintiff is warned that if he does not take action within the deadline set by the Court (or seek an extension of that deadline, if he has a good reason to do so), **the Court may recommend to the assigned District Judge that the action be dismissed for failure to prosecute or failure to follow court orders.**

      **IT IS SO ORDERED**.

cc:     Kordy Rice, pro se

                                                     Initials of Preparer:    ch